IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01845-BNB

STANIMIR GEORGIEV PAVLOV,

     Applicant,

v.

ARISTEDES ZAVARAS, Executive Director at CO Dep. of Corrections, et al.,
JOHN DAVIS, Ass. Warden at AVCF, et al., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHER[S],
     et al.,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Pavlov initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order filed on August 7, 2009, Magistrate Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On August 26, 2009, Respondents filed a pre-answer response. Mr. Pavlov has not filed a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe liberally Mr. Pavlov's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Pavlov was convicted by a jury in Mesa County, Colorado, district court Case No. 04CR1228 on charges of third-degree burglary and theft. On January 26, 2007, he was sentenced to six years of imprisonment for burglary and six months of jail for theft, to be served concurrently. On March 5, 2007, the Colorado Court of Appeals granted Mr. Pavlov an extension of time until April 11, 2007, to file a notice of appeal, but he does not appear to have filed one. On May 10, 2007, the Colorado Court of Appeals ordered that the file be closed.

On April 23, 2007, Mr. Pavlov filed a motion for reconsideration of sentence, which the trial court denied on May 2, 2007. He did not appeal from the denial.

On May 17, 2007, Mr. Pavlov filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He later filed an addendum to the motion and a request for counsel. On August 14, 2007, the trial court ordered Mr. Pavlov to file his motion on the proper form, and denied his request for counsel "at this time." *See* answer, ex. A at 7. On September 10, 2007, the trial court granted Mr. Pavlov's request for more time. On November 13, 2007, he filed a petition for postconviction relief. On January 3, 2008, the trial court denied Mr. Pavlov's motion for counsel and on January 7, 2008, denied his motion for postconviction relief. He did not

2

appeal from the denial.  Rather, on February 22, 2008, he filed a motion to obtain the original trial court record or a copy of the record at state expense.  On February 26, 2008, the trial court denied the motion.

On March 10, 2008, Mr. Pavlov filed a motion for a new trial "pursuant to ineffective assistance of counsel." *See* answer, ex. A at 7.  On April 7, 2008, he filed another motion for a new trial.  On April 10, 2008, a motion for new trial was denied, without any indication in the register of actions whether the order denied one or both motions.  *See* answer, ex. A at 8.

On April 21, 2008, Mr. Pavlov filed an amended motion for a new trial, which the trial court denied on April 22, 2008.  According to an order to show cause in *People v. Pavlov*, No. 08CA1397 (Colo. Ct. App. July 11, 2008), Mr. Pavlov filed a notice of appeal on July 7, 2008.  *See* answer, ex. B at 1.  The Colorado Court of Appeals ordered him to show cause why the appeal should not be dismissed as untimely.  *See* answer, ex. B. at 2.  Based upon Mr. Pavlov's response, the Colorado Court of Appeal discharged the order and appointed counsel.  *See* answer, ex. C.  Subsequently, the Colorado Court of Appeals granted counsel's motion to withdraw.  *See* answer, ex. D.  Mr. Pavlov filed his opening brief *pro se*.  *See* answer, ex. E.  The government's answer brief currently is due on September 30, 2009.  *See* answer, ex. F.

On July 30, 2009, the Court received Mr. Pavlov's application, which was mailed on July 28, 2009, and filed on August 4, 2009.  His claims are as follows:

> 1.    The State of Colorado lacked personal jurisdiction over applicant.

3

      2.    The State of Colorado lacked subject matter jurisdiction because "no one person from the [State of Colorado (SOC)] has legal claim under penalty of perjury that [Applicant has] committed any crime."

      3.    "Usurpation of justice, power, authority, jurisdiction, due process of law, equal protection of the law, moral, ethics, human rights, sovereignty and freedom" as a result of the State of Colorado proceeding against Applicant with no personal or subject matter jurisdiction.

Application at 5-6.  Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.  However, Respondents contend that the application should be dismissed for failure to exhaust state remedies.  The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

4

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents allege that Mr. Pavlov raised his three claims on the appeal from the denial of his amended motion for a new trial, which currently is pending in the Colorado Court of Appeals. The Court agrees. Because Mr. Pavlov's appeal currently is pending before the state courts, he has not finished one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process").  As a result, he has failed to exhaust state court remedies before seeking federal review of his claims.  Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this ___ day of _____ , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01845-BNB

Stanimir Georgiev Pavlov
Prisoner No. 134930
Crowley County Corr. Facility
6564 State Hwy. 96 - Unit 6B 8B215
Olney Springs, CO 81062-8700

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk